FILED

2018 OCT 29  AM 10: 43

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Octavius Davis
P.O. Box 608871
Orlando, Florida 32860
480 209 0157

UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Octavius Davis

      Plaintiff,

-vs.-

**(1)** Denise Stadler, **(2)** Paula Mcnabb, **(3)** Anthony Campbell, **(4)** Jennifer Gest, **(5)** Meristar holdings L.P. **(6)** Meridian Senior Living LLC. Registered agents in leadership **(7)** Moiz Doriwala  **(8)** Kacy Kang, **(9)** Robert Sweet, **(10)** Timothy O'Brien, **(11)** Kevin Carlin **(12)** Affinity Living Group LLC, Founder **(13)** Charles E. Trefzger Jr. et al,

      Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 6:18CV1827-ORL-37-GJK

[**I.** RETALIATION **II.** DEFAMATION **III.** SLANDER **IV.** LIBEL, **V.** FAIR LABOR AND STANDARDS ACT **VI.** CIVIL THEFT, **VII.** DISCRIMINATION VIA DIFFERENTIAL TREATMENT, **VIII.** NEGLIGENCE, **IX.** CIVIL CONSPIRACY]

**COMPLAINT**

**JURY TRIAL DEMANDED**

FEDERAL QUESTION

(DIVERSITY JURISDICTION)

**28 U.S.C. 1332**
**28 U.S.C. 1367**

**Background:**

Approximately, June 25th 2017, **PETITIONER OCTAVIUS DAVIS** became an affiliate resident assistant for Holiday Retirement, and plaintiff was assigned to site Renaissance Retirement Center located at 300 West Airport Boulevard Sanford Florida 32773 in Seminole County. Plaintiff was invited via a massive job fair promoted by Holiday touch base out of state. Now the corporate office is located in winter park village at 480 North Orlando Avenue suite 236 Winter Park, Florida 32789. Plaintiff worked 3rd shift with duties that consisted of assisting residents with their basic daily living such as toileting, transfers, laundry, assisting with adult diapers, and getting residents up, dressed and groomed ready for the morning 7am-3pm shift. Also, periodically plaintiff would pick up some 3-11pm shift because of staff shortages or call outs which consisted of the same duties with the addition of transporting residents to the Mess Hall for dinner where Residents assistants would serve food and drinks and assist with feeding if necessary then escort residents back to

1  their rooms. Being that the renaissance was plagued

2  with complaints from residents, poorly trained staff,

3  very high turnover rate of workers, to the point of

4  workers walking off the job without giving proper

5  notice, poor building infrastructure as well as poor

6  management scheming to mislead the state. Holiday

7  Retirement swiftly decided to turn management of this

8  property to the Affinity Group and Charles Trefzger Jr.

9  founder of Meridian Senior Living LLC who entities has

10 been and is plagued with Federal complaints now more

11 will be added to the mix. Meridian Senior living LLC

12 and the affinity Group under the leadership of Mr.

13 Trefzger Jr. has defrauded the U.S. and the state of

14 North Carolina violating the False Claims Act, creating

15 a hostile work environment for its employees (see Sims

16 v. Meridian Senior Living LLC), several violation of

17 the California Labor code (see Shawn Lafountain v.

18 Meridian Senior Living, LLC), also see (**Exhibit 2**)

19 therefore defendants (1)-(12) has the audacity to shame

20 plead and slander anything about the PETITIONER without

21 having "clean hands".

22

23 **Statement of the Case:**

24

25

During the near end of October 2017, Petitioner Octavius Davis and defendant **(3)** Anthony Campbell (LPN supervisor) had a falling out during the 3rd shift at the Renaissance Retirement Center. A resident called petitioner for assistance with a wheelchair to bed transfer then plaintiff assessed that an extra pair of hands would be needed for the task since defendant **(6)** Meridian negligently does not provide gait belts. Defendant **(3)** was on duty in the resident movie lounge watching the NBA Sacramento kings game which was not part of defendant **(3)** job description. Petitioner called defendant **(3)** via radio with no response from defendant. Then plaintiff approached defendant **(3)** in person and asked him to assist. Next, being that he was agitated for not wanting to get off his butt and get the job done; defendant **(3)** called plaintiff a "raggedy ass bitch" which would spark a verbal confrontation that would lead defendant **(3)** to phone his superior Defendant **(4)** Jennifer Gest, who believed his side of the story and sent plaintiff home with bias because he is a nurse and plaintiff is not ,and resident assistants can be "easily replaced like a mother fucker" according to defendant **(3)**. Defendant **(3)** promised I would be dismissed from the property, for good. No problem I don't mind not working for chump

change. The next day, that afternoon, plaintiff and
defendants **(1)** Denise Stadler and **(2)** Paula Mcnabb
representing Meridian Senior Living held a meeting with
the plaintiff about the incident that happened the
night in question which would turn into an unjust
interrogation that would lead to defendants **(1)** and **(2)**
slandering plaintiff's name with made up allegations
that lead to a verbal confrontation in which plaintiff
cursed both defendants out and threatened to "Blow the
Whistle" for nefarious actions. Defendants **(1)** and **(2)**
replied "we'll show your black ass first" and dismissed
plaintiff from the property. A week later, for about a
year, defendants and Meridian through retaliation and
false reporting via "express malice" ordered plaintiff
be harassed with a department of health internal
investigation only to find **zip, zilch, nada,** knowing no
such incident ever occurred in the first place.
Defendants in retaliation would go entirely too far by
filing a public false Sanford police report sullying
Petitioners good name Per se published widely and
available to the public. **NOW WE HAVE A PROBLEM THIS WAS
NOTHING MORE THAN A SIMPLE FALLOUT BETWEEN AFFILIATE
AND SUPERVISOR.DEFENDANTS ASK ME TO LEAVE NO PROBLEM;
PLAINTIFF WAS DOING THEM MORE OF A FAVOR COMPARED TO
WHAT THEY WERE DOING FOR PETITIONER.HOWEVER DEFENDANTS**

**GOT PERSONAL NOW PETITIONER MUST FALLOUT WITH A SWIFT
AND IMMEDIATE CIVIL ACTION. WHICH COMMANDS PETITIONER
TO ENGAGE IN AN ALL OUT <u>CIVILIZED ASSUALT!!!!</u>** This
Honorable court has <u>Jurisdiction</u> over this claim
because the torts happened in Seminole county 300 west
airport blvd Sanford, Florida 32773, Fed court has
supplemental jurisdiction over all state claims. 28
U.S.C. 1367, defendants are diverse out of state and in
state 28 U.S.C. 1332 with relief exceeding $75,000,
finally, subject matter of discrimination, , and
whistle blower violations, and the Fair labor and
standards act.


**I.**


<u>COUNT 1 RETALIATION</u>


Approximately, during the end of October 2017,
defendants **(6)** Meridian Senior Living LLC,**(1)** Denise
Stadler, and **(2)** Paula Mcnabb forced Plaintiff to
attend a meeting without pay on Meridian senior living
job site at renaissance retirement center which is
illegal, workers must be paid for hours once on site
which is a violation of 29 U.S.C(FLSA) being that the

meeting was an hour and a half. Defendant **(3)** Anthony Campbell in retaliation wrote up some false accusations about plaintiff for the sole purpose of termination. Defendants **(1)** and **(2)** wrongfully took sides with defendant **(3)** not being a witness to anything which sparked an argumentative confrontation related to disparaging differential treatment of plaintiff. Plaintiff gave warning on "Blowing the Whistle" then defendants **(1)** and **(2)** retaliated by terminating plaintiff with quote from defendants **(1)** and **(2)** "We'll show your black ass first" then kick petitioner off the job site. **PETITIONER SHOWS CAUSE OF ACTION AGAINST DEFENDANTS (1)** Denise Stadler, **(2)** Paula Mcnabb, **(6)** Meridian Senior Living LLC **(7)** Moiz Doriwala, **(8)** Kacy kang, **(9)** Robert Sweet, **(10)** Timothy O' Brien, **(11)** Kevin Carlin, **(12)** affinity Living Group LLC, **(13)** Charles E. Trafzger Jr. et al, for the following:

1. The defendants treated plaintiff differently not as a valued affiliate and disparaged against plaintiff via discrimination through differential treatment on the job.

2. Defendants terminated plaintiff after being warned about discrimination in the workplace.

3. Defendants immediately took action after petitioner mentioned of blowing the whistle follow with quote "we'll show your black ass first"

Wherefore, Petitioner prays for judgment against defendants in the sum of $10 million for general, compensatory, and punitive damages plus court cost and interest.

**II.**

Count 2 Defamation Per se

On October 31, 2017 defendants **(1), (2), (3),** and **(4)** defamed plaintiff by publishing false statements to a third party **(see Exhibit 1)** which sullied the plaintiff name throughout the community causing future financial damage. Defendants **(3), (4),** and plaintiff fell out, defendants **(3)** and **(4)** defamed plaintiff out of pure malice which would result in defendants defaming plaintiff via a false official statement in writing with the intent to mislead a public servant in the performance of his or her official duty which is a violation of FLA.STAT. 837.06 punishable as provided in

FLA.STAT.775.083. Therefore Petitioner shows cause of action against Defendants **(6)** Meridian Senior Living LLC,**(7)** Moiz Doriwala, **(8)** Kacy Kang, **(9)**Robert Sweet, **(10)** timothy O'Brien, **(11)** Kevin Carlin, **(12)** Affinity Living Group LLC, **(13**) Charles E, Trafzger Jr., **(1)** Denis Stadler, **(2)** Paula Mcnabb, **(3)** Anthony Campbell, **(4)** Jennifer Gest et al., for the Following:

1. Defendants published false statements about plaintiff as fact. See Wolfson v. Kirk 273 So.2d 774 (Fla. 4th DCA 1973).

2. The false statement was published to a third party by defendants. See Razner V. Wellington Regional Med.Ctr Inc.,837 So. 2d 437(Fla. 4th DCA 2002).

3. The statement caused harm by sullying the plaintiff's name and reputation throughout the community.

4. The defendants' false statement stated that the characteristics of professional duty, was unbecoming of the trade.

5. The defendants false statement mislead investigator to believe that the plaintiff committed a criminal act.

Wherefore, plaintiff prays for judgment against defendants for general, compensatory, and punitive damages in the amount of $10 million plus court cost and interest.

**III.**

Count 3 Slander Per se

On October 31, 2017 defendants **(1)**, **(2)**, **(3)**, and **(4)** slandered plaintiff by verbalizing false statements to a third party **(see Exhibit 1)** which sullied the plaintiff name throughout the community causing future financial damage. Defendants **(3)**, **(4)**, and plaintiff fell out, defendants **(3)** and **(4)** slandered plaintiff out of "express malice" which would result in defendants slandering plaintiff via perjury not in an official proceeding with the intent to mislead law enforcement in the performance of his or her official duty which is violation of FLA.STAT.837.012 (1) punishable as provided in FLA.STAT.775.083. Therefore

**Petitioner shows cause of action against Defendants (6)** Meridian Senior Living LLC,(7) Moiz Doriwala, **(8)** Kacy Kang, **(9)**Robert Sweet, (10)timothy O'Brien, **(11)** Kevin Carlin, **(12)** Affinity Living Group LLC, **(13**) Charles E, Trafzger Jr., **(1)** Denis Stadler, **(2)** Paula Mcnabb, **(3)** Anthony Campbell, **(4)** Jennifer Gest et al., for the Following:

1. Defendants negligently verbalized false statements about plaintiff as fact.

2. The verbal false statement was stated to a third party by defendants.

3. The defendants' verbal statement caused harm by sullying the plaintiff's name and reputation throughout the community.

4. The defendants' verbal false statement stated that the characteristics of professional duty, was unbecoming of the trade.

5. The defendants' intentional verbal false statement, mislead law enforcement to believe that the plaintiff committed a criminal act.

Wherefore, plaintiff prays for judgment against defendants for general, compensatory, and punitive damages in the amount of $10 million plus court cost and interest. Damages do not have to be found or shown see <u>Saunders Hardware Five and Ten, Inc. v. Low,</u> 307 So. 2d 893 (Fla. 3d DCA 1974).


**IV.**


<u>COUNT 4 LIBEL PER SE</u>


On October 31, 2017 defendants **(1)**, **(2)**, **(3)**, and **(4)** libel plaintiff by printing false statements to a third party **(see Exhibit 1)** which sullied the plaintiff name throughout the community causing future financial damage. Defendants **(3)**, **(4)**, and plaintiff fell out, defendants **(3)** and **(4)** defamed plaintiff out of "express malice" which would result in defendants defaming plaintiff via printing a false report to law enforcement authorities in writing with the intent to recklessly do harm to plaintiff knowing the written report was false which is violation of <u>FLA.STAT. 837.05.(2)</u> punishable as provided in <u>FLA.STAT.775.083</u>. Therefore **Petitioner shows cause of action against**

**Defendants (6)** Meridian Senior Living LLC,**(7)** Moiz Doriwala, **(8)** Kacy Kang, **(9)**Robert Sweet, **(10)**timothy O'Brien, **(11)** Kevin Carlin, **(12)** Affinity Living Group LLC, **(13**) Charles E. Trafzger Jr., **(1)** Denis Stadler, **(2)** Paula Mcnabb, **(3)** Anthony Campbell, **(4)** Jennifer Gest et al., for the Following:

1. The defendants published unprivileged words that the public can see which is false through "express malice".

2. The defendants published this printed report to a third party.

3. This false printed report was in reference to the plaintiff as defamatory.

4. The printed false statement was made without first being substantiated.

5. The defendants' reckless negligence caused plaintiff harm to his good name and reputation.

1    Wherefore, plaintiff prays for judgment for
2  general, compensatory, and punitive damages in the
3  amount of $10 million plus court cost and interest.

4

5                              **V.**

6      COUNT 5 29 U.S.C.FAIR LABOR AND STANDARDS ACT

7

8      During the end of October 2017, plaintiff was
9  called via phone while off duty to come in for meeting
10 at the Meridian job site Renaissance Retirement Center
11 in Seminole county Florida. Before the start of the
12 meeting plaintiff requested to clock in because
13 plaintiff was on company time. Then defendants **(1)** and
14 **(2)** lied to petitioner stating they would set a time
15 card adjustment so that plaintiff is indeed paid for
16 time spent at meeting. Nevertheless, these "son of a
17 guns" had no intention of paying, leaving plaintiff
18 hoodwinked in expectation. Not only did defendants
19 retaliate against plaintiff and defame his character
20 these "Bastards"(reference page 136 Black's Law
21 Dictionary Abridged 9th Edition) won't pay him.
22 Therefore **Petitioner shows cause of action against**
23 **Defendants (6)** Meridian Senior Living LLC,**(7)** Moiz
24 Doriwala, **(8)** Kacy Kang, **(9)**Robert Sweet, **(10)**timothy
25 O'Brien, **(11)** Kevin Carlin, **(12)** Affinity Living Group

LLC, **(13)** Charles E. Trafzger Jr., **(1)** Denis Stadler, **(2)** Paula Mcnabb, **(3)** Anthony Campbell, **(4)** Jennifer Gest et al., for the Following:


1. The defendants owe plaintiff back pay in violation of the (FLSA).
2. The defendants are willfully depriving plaintiff of wage owed by refusing to pay.

3. The defendants are depriving the plaintiff of his property.

Wherefore, plaintiff prays for judgment for general, compensatory, and punitive damages in the amount of $10 million plus court cost and interest.


**VI.**


<u>COUNT 6 CIVIL THEFT</u>


While in a confrontational meeting in reference to a night before fallout with defendant **(3)**; plaintiff was not paid for time on site; defendants requested the meeting not plaintiff. Defendants **(6)**, **(1)**, and **(2)** were careless because they could have just told

plaintiff over the phone don't come back to the job site; we'll send your last check. Nevertheless, defendants were negligent, and plaintiff is being deprived of his monies. Therefore **Petitioner shows cause of action against Defendants (6)** Meridian Senior Living LLC, **(7)** Moiz Doriwala, **(8)** Kacy Kang, **(9)** Robert Sweet, **(10)** Timothy O'Brien, **(11)** Kevin Carlin, **(12)** Affinity Living Group LLC, **(13**) Charles E. Trafzger Jr., **(1)** Denis Stadler, **(2)** Paula Mcnabb, **(3)** Anthony Campbell, **(4)** Jennifer Gest et al., for the Following:

1. This money is the property of the plaintiff for hours worked.

2. The defendants refuse to pay the money owed to the plaintiff.

3. The plaintiff is damaged because petitioner is deprived of his finance.

Wherefore, plaintiff prays for judgment for general, compensatory, and punitive damages in the amount of $10 million plus court cost and interest.

**VII.**

1

2    COUNT 7 DISCRIMINATION VIA DIFFERENTIAL TREATMENT

3

4         Defendants (6), (12), and (13) are not new to

5    creating Hostile work environments and it all stems

6    from discrimination. Whenever there was an innocent

7    concern about resident safety or unfair treatment of

8    workers this organization would harass, Levi false

9    charges, and treat the worker unfairly then outright

10   "blackball" the worker. The reason why most workers

11   don't complain is simply because they just walk off the

12   site and find work elsewhere. However some of us do

13   have plenty to say by enforcing the Whistle Blower Act.

14   See (**exhibit 2**), see (**Sims v. Meridian Senior Living**

15   **LLC**),(**see Shawn Lafountain v. Meridian Senior Living,**

16   **LLC**) see( **Estrada v. Meridian Senior Living LLC.) now**

17   **Davis is in the mix out of Florida.** Therefore

18   **Petitioner shows cause of action against Defendants (6)**

19   Meridian Senior Living LLC,**(7)** Moiz Doriwala, **(8)** Kacy

20   Kang, **(9)**Robert Sweet, **(10)**Timothy O'Brien, **(11)** Kevin

21   Carlin, **(12)** Affinity Living Group LLC, **(13**) Charles E.

22   Trafzger Jr., **(1)** Denis Stadler, **(2)** Paula Mcnabb, **(3)**

23   Anthony Campbell, **(4)** Jennifer Gest et al., for the

24   Following:

25

1. Plaintiff was treated differently because of his race.

2. Plaintiff was treated differently because of his sex.

3. Plaintiff was treated differently because he was not a nurse.

4. Plaintiff was treated differently because he was valued less than a human being for being a minority.

5. The plaintiff work environment was hostile at all times because of a lack of training, manpower, and equipment on site.

6. Most workers are disgruntled because they are extremely under value which destroys employee morale which defendants are negligent in doing anything about.

Wherefore, plaintiff prays for judgment for general, compensatory, and punitive damages in the amount of $10 million plus court cost and interest.

## VIII.

## COUNT 8 NEGLIGENCE VIA HIRING, RETENTION, MISREPRESENTATION, AND RECKLESSNESS

When plaintiff was interviewed for the job, just
like all the other applicants, we were told the
residents can do for themselves they just need minimal
assistance from time to time. Come to find out, most of
these residents are woefully disabled and needed an
"excessive amount of help" therefore defendants are
negligent for misrepresentation. This shock of false
expectation leads to high turnover resulting in
resident neglect. Next, defendants are hiring unskilled
and unlicensed persons, who need training for the
position since after all the Renaissance center is a
full skilled nursing facility masquerading as an
assisted living facility, potentially **defrauding** the
state in reference to level of care status among
residents. Therefore, defendants are negligent for
hiring untrained persons. Lastly, the way in which
defendant are trained is inadequate in solving the
problem because sticking people in front of a video
with no prior knowledge does not cut it. Because these
residents are too declined it's **reckless** to retain
innocent people in these positions as "Ginny pigs" in
order to drag them through the mud in order to save
face if something goes wrong. Therefore **Petitioner
shows cause of action against Defendants (6)** Meridian

Senior Living LLC, **(7)** Moiz Doriwala, **(8)** Kacy Kang,
**(9)** Robert Sweet, **(10)** Timothy O'Brien, **(11)** Kevin
Carlin, **(12)** Affinity Living Group LLC, **(13**) Charles E.
Trafzger Jr., **(1)** Denis Stadler, **(2)** Paula Mcnabb, **(3)**
Anthony Campbell, **(4)** Jennifer Gest et al., for the
Following:

   1. The defendants were negligent for
misrepresentation possibly committing fraud.

   2. The defendants are negligent for negligent
hiring.

   3. The defendants are negligent for negligent
retention.

   4. The defendants are negligent for recklessness to
defame, discriminate, steal, all the while creating a
Civil Conspiracy.

   Wherefore, plaintiff prays for judgment for
general, compensatory, and punitive damages in the
amount of $10 million plus court cost and interest.

**IX.**

## COUNT 9 CIVIL CONSPIRACY

After the initial fallout with defendant (3), he drafted a false report then conspired with defendants (4),(1), and (2) to commit the underlining tort of retaliation, defamation, slander, and libel by written instrument of a false police report. These **Tortfeasors** slanders plaintiff just because petitioner said some harsh words and hurt their feelings "so what" now we at War. The plaintiff discovered the tort of defamation approximately the end of September 2018 during a informal public investigation. Therefore **Petitioner shows cause of action against Defendants (6)** Meridian Senior Living LLC,**(7)** Moiz Doriwala, **(8)** Kacy Kang, **(9)**Robert Sweet, **(10)**Timothy O'Brien, **(11)** Kevin Carlin, **(12)** Affinity Living Group LLC, **(13**) Charles E. Trafzger Jr., **(1)** Denis Stadler, **(2)** Paula Mcnabb, **(3)** Anthony Campbell, **(4)** Jennifer Gest et al., for the Following:

1. This conspiracy was conducted between two or more parties.

2. The defendants intended on committing an unlawful act upon the plaintiff via an underlying tort.

See <u>Wright v. Yurko</u> 446 so.2d 1162 (Fla 5th.DCA 1984).

3. In pursuant to this act of conspiracy defendants sullied plaintiff's good name and reputation. See <u>Walters v. Blankenship</u>, 931 so.2d 137,140(Fla. 5th DCA 2006).

Wherefore, plaintiff prays for judgment for general, compensatory, and punitive damages in the amount of $10 million plus court cost and interest.

**RELIEF:**

**WHEN THE CLAIM IS DEFAMATION PER SE, LIABILITY ITSELF CREATES A CONCLUSIVE LEGAL PRESUMPTION OF LOSS OR DAMAGE AND IS ALONE SUFFICIENT FOR THE JURY TO CONSIDER PUNITIVE DAMAGES… TO SUM UP, FlORIDA UNUSUALLY HIGH PROTECTION OF PERSONAL REPUTATION DERIVES FROM THE COMMON CONSENT OF HUMANKIND AND HAS ANCIENT ROOTS. IT IS HIGHLY VALUED BY CIVILIZED PEOPLE. OUR STATE CONSTITUTION AND COMMON LAW POWERFULLY SUPPORT IT.THIS IS A VALUE AS OLD AS THE PENTATEUCH AND THE BOOK OF EXODUS, AND ITS COMMAND AS CLEAR AS THE DECALOGUE: THOU SHALL NOT BEAR FALSE WITNESS AGAINST THY NEIGHBOR." THE PERSONAL INTEREST IN ONE'S OWN GOOD NAME AND REPUTATION SURPASSES ECONOMICS, BUSINESS PRACTICES OR MONEY. IT IS**

A FUNDAMENTAL PART OF PERSONHOOD, OF INDIVIDUAL
STANDING AND ONE'S SENSE OF WORTH. IN SHORT, THE
WRONGDOING UNDERLYING THE PUNITIVE DAMAGES IN THIS CASE
HAS FLORIDA LAW'S MOST SEVERE CONDEMNATION, ITS HIGHEST
BLAMEWORTHINESS, ITS MOST DESERVING CULPABILITY, AND
FOR SLANDER PER SE, REPREHENSIBILITY IS AT ITS HIGHEST.

    Notice to all defendants served when seeking
offensive action against anyone don't get careless,
don't get sloppy, do the work, be responsible, and
remember what Abraham Lincoln's first rule before any
action. " *In law, it is good policy to never plead what
you need not, lest you oblige yourself to prove what
you cannot*".

    Wherefore, plaintiff prays for judgment for
general, compensatory, and punitive damages in the
amount of $100 million plus court cost and interest
"May god be with us all".


*Octavius Davis*

10/29/18

Octavius Davis

Pro Se

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25