FILED

2019 MAR -1  PM 2: 18

Octavius Davis
P.O. Box 608871
Orlando, Florida 32860
480 209 0157

UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Octavius Davis

   Plaintiff,

-vs.-

**(1)**Denise Stadler, **(2)**
Paula Mcnabb, **(3)** Anthony
Campbell, **(4)**Jennifer
Gest, **(5)**Meristar holdings
L.P. **(6)**Meridian Senior
Living LLC. Registered
agents in leadership **(7)**
Moiz Doriwala **(8)**Kacy
Kang,**(9)** Robert Sweet,
**(10)**Timothy O'Brien, **(11)**
Kevin Carlin **(12)** Affinity
Living Group LLC, Founder
**(13)** Charles E. Trefzger
Jr. **(14)**Lilly Donohue,**(15)**
Holiday AL Management Sub
LLC et al,.

   Defendants

CASE NO.6:18-CV-1827-Orl-37-GJK

[**I.**RETALIATION **II.**
DEFAMATION **III.**SLANDER **IV.**
LIBEL, **V.**CIVIL THEFT, **VI.**
PERJURY, **VII.**NEGLIGENCE,
**VIII.** CIVIL CONSPIRACY,
**IX.**BREACH OF VERBAL
CONTRACT **X.**COLLUSION]

**COMPLAINT**

**JURY TRIAL DEMANDED**

(**DIVERSITY JURISDICTION**)

**28 U.S.C. 1332**

**Amended**

**Background:**

1   On November 1st 2018, Plaintiff Octavius Davis
engaged Meridian Senior Living LLC, Meristar Holdings
L.P. and members of leadership and their agents as well
as Charles Trefzger Jr. in a federal civil action
because these defendants were reckless for colluding
and conspiring to commit the tortious acts against
plaintiff such as Defamation, Perjury, negligent
misrepresentation and Civil Conspiracy etc.

**Statement of the Case: Replead**

During the end of September early October 2017,
Meridian Senior Living Pulled Plaintiff Octavious
Davis's profile and others working at the Renaissance
Retirement Center located at 300 West Airport Blvd.
Sanford, Florida 32773. Meridian Senior Living took
over management from Holiday ("touch") and Meridian
chose to employ the existing staff. The Plaintiff
**Octavius** filled out Meridian's application then was
hired and orientated to the position with benefits
reference exhibits 3, 4, 5, 6, 7, 8, 9 Approximately,
October 27th, 2017 Defendant **(3)** Anthony Campbell and
plaintiff Octavius had a falling out on the job site in
turn, defendant **(3)** colluded and conspired with(1)

1  Denise Stadler and **(2)** Paula Mcnabb to fabricate false
2  hoods to defame Plaintiff Via a public Police report
3  which commands petitioner to engage in a top down
4  Civilized Assault.

5

6  **Jurisdiction:**

7      This Honorable court has jurisdiction because the
8  parties of this case reside in different states like
9  North Carolina, Maryland, and Florida Moreover the
10  torts occurred in Seminole County Florida. Therefore 28
11  U.S.C. 1332 <u>Diversity</u> is appropriate.

12

13                          **I.**

14

15                  COUNT 1 RETALIATION

16

17      Approximately, during the end of October 2017,
18  defendants **(1)** Denise Stadler, **(2)** Paula Mcnabb,
19  **(3)** Anthony Campbell, **(5)** Meristar Holding L.P. , **(6)**
20  Meridian Senior living LLC wrongfully terminated
21  Plaintiff (Octavius) employment without just cause then
22  defendants illegally retaliated against plaintiff by
23  defaming petitioners character. Defendant **(3)** was angry
24  at plaintiff, so **(3)** retaliated and drafted false hoods
25  in his report to maliciously have plaintiff terminated

1 | from employment. Next, defendants **(1)** and **(2)** requested
2 | a meeting with plaintiff in regards to Defendant (3's)
3 | report without Due Process in Stadler's Office. Second,
4 | a verbal confrontation would take place because of the
5 | false and defamatory allegations, unsubstantiated. Both
6 | parties cursed each other out then defendant (1)
7 | wrongfully terminated plaintiff from the Renaissances
8 | Retirement Center. Therefore Petitioner shows CAUSE OF
9 | ACTION against (1) Denise Stadler, (2) Paula Mcnabb (3)
10 | Anthony Campbell, (5) Meristar Holding L.P., and (6)
11 | Meridian Senior Living LLC for the following facts.
12 |
13 |     1. Stadler, Mcnabb, and Campbell are agents of
14 | Meristar and Meridian.
15 |
16 |     2. Campbell Maliciously wrote up false hood
17 | allegations for the sole purpose to do harm such as job
18 | lost and defamation of character.
19 |
20 |     3. Campbell, Stadler, Mcnabb, and Meridian senior
21 | Living LLC colluded to conspire to defame plaintiff
22 | because defendants (1) (2) (3) agents of (6) had a
23 | separate meeting then met with plaintiff minus
24 | defendant (3) with their minds already made up.
25 |

1    4. Stadler and Mcnabb accepted these false
2 allegations with reckless disregard as to whether the
3 allegations were true or not.

4

5    5. Stadler, Campbell, Mcnabb as agents of Meridian
6 were all in cahoots to retaliate against plaintiff.

7

8    6. Now upon Meridian's day of reckoning; they want
9 to blame this all on Defendants **(14)** Lilly Donohue and
10 **(15)** Holiday ("touch")

11

12    Wherefore, plaintiff prays for judgment against
13 defendants for general, compensatory, and punitive
14 damages in the amount of $10 million plus court cost
15 and interest.

16

17                        **II.**

18

19           Count 2 Defamation Per se

20

21    On October 31, 2017 defendant **(1)** Stadler agent of
22 **(6)** Meridian defamed plaintiff by slandering and
23 libeling false statements to a third party **(see Exhibit
24 1)** which sullied the plaintiff name throughout the
25 community causing future financial damage. Defendant

1  **(1)**, **(2)** and plaintiff fell out, defendant **(1)** defamed

2  plaintiff with "express malice" which would result in

3  defendants slandering plaintiff via a false official

4  statement in writing with the intent to mislead a

5  public servant in the performance of his or her

6  official duty which is a violation of <u>FLA.STAT. 837.06</u>

7  punishable as provided in <u>FLA.STAT.775.083</u>. Therefore

8  Petitioner shows cause of action against Defendants

9  **(1)**Denise Stadler, and **(6)** Meridian Senior Living LLC,

10 for the Following facts:

11

12

13     1. Defendants published false statements about

14 plaintiff as fact. See <u>Wolfson v. Kirk</u> 273 So.2d 774

15 (Fla. 4th DCA 1973).

16

17     2. The false statement was published to a third

18 party by defendants. See <u>Razner V. Wellington Regional</u>

19 <u>Med.Ctr Inc</u>.,837 So. 2d 437(Fla. 4th DCA 2002).

20

21     3. The statement caused harm by sullying the

22 plaintiff's name and reputation throughout the

23 community.

24

25

4. The defendants' false statement stated that the characteristics of professional duty, was unbecoming of the trade.

5. The defendants' false statement mislead investigator to believe that the plaintiff committed a criminal act.

Wherefore, plaintiff prays for judgment against defendants for general, compensatory, and punitive damages in the amount of $10 million plus court cost and interest.

### III.

<u>Count 3 Slander Per se</u>

On October 31, 2017 defendants **(1)**, **(6)** slandered plaintiff by verbalizing false statements to a third party **(see Exhibit 1)** which sullied the plaintiff name throughout the community causing future financial damage. Defendants **(1)**, **(6)**, and plaintiff fell out, defendants **(1)** and **(6)** slandered plaintiff out of "express malice" with reckless disregard of whether the statement was true or not defendants slandering

plaintiff via perjury not in an official proceeding
with the intent to mislead law enforcement in the
performance of his or her official duty which is
violation of FLA.STAT.837.012 (1) punishable as
provided in FLA.STAT.775.083. Therefore **Petitioner
shows cause of action against Defendants (6)** Meridian
Senior Living LLC, **(1)** Denise Stadler for the following
facts:

    1. Defendant **(1)** negligently verbalized false
statements about plaintiff as fact without Probable
Cause. See Seropian v. Forman, 652 so. 2d 490 (fla.
Dist. Ct. app. 4th Dist. 1995).

    2. The verbal false statement was stated to a third
party by defendants.

    3. The defendant **(1)** verbal statement caused harm
by sullying the plaintiff's name and reputation
throughout the community.

    4. The defendants' verbal false statement stated
that the characteristics of professional duty, was
unbecoming of the trade.

1    5. The defendants' **(1)** and **(6)** intentional verbal

2  false statement, mislead law enforcement to believe

3  that the plaintiff committed a criminal act. See Brown

4  v. Tallahassee Democrats; Inc; 440 so. 2d. 588

5  (Fla.Dist.Ct.App. 1st Dist 1983).

6

7    Wherefore, plaintiff prays for judgment against

8  defendants for general, compensatory, and punitive

9  damages in the amount of $10 million plus court cost

10 and interest. Damages do not have to be found or shown

11 see Saunders Hardware Five and Ten, Inc. v. Low, 307

12 So. 2d 893 (Fla. 3d DCA 1974). See Leavitt v. Cole 291

13 F. Supp 2d 1338 (M.D. Fla. 2003).

14

15

16                          **IV.**

17

18                  COUNT 4 LIBEL PER SE

19

20    On October 31, 2017 defendants **(1)** Stadler, and

21 **(6)**Meridian libeled plaintiff by printing false

22 statements to a third party **(see Exhibit 1)** which

23 sullied the plaintiff name throughout the community

24 causing future financial damage. Defendants **(1)**, **(6)**,

25 and plaintiff fell out, defendants **(1)** and **(6)** defamed

plaintiff out of "express malice" as well as reckless
disregard for the truth. This resulted in defendants
defaming plaintiff via printing a false report to law
enforcement authorities in writing. **(1)** and **(6)** intent
to recklessly do harm to plaintiff knowing the written
report was false and unsubstantiated which is violation
of <u>FLA.STAT. 837.05.(2)</u> punishable as provided in
<u>FLA.STAT.775.083</u>. Therefore Petitioner shows cause of
action against Defendants **(6)** Meridian Senior Living
LLC, **(1)** Denise Stadler for the Following facts:

1. The defendants published unprivileged words that
the public can see which is false through "express
malice" without Probable Cause about private person
Octavius.

2. The defendants (1) and (6) published this
printed report to a third party about private person
Octavius.

3. This false printed report was in reference to
the plaintiff Octavius (a private person) as
defamatory.

1    4. The printed false statement by **(1)** and **(2)** was
2  made without first being substantiated. See <u>Harte Hawks</u>
3  <u>Communication Inc. v. Connaughton, 491 U.S. 657 109 S.</u>
4  <u>ct. 2678 105 1L. Ed 2d. 562 (1989).</u>
5
6    5. The defendants'**(1)** and **(6)** reckless negligence
7  caused plaintiff harm to his good name and reputation.
8  <u>See Myers V. Hodges 53 Fla.197 44. So. 357 (1907)</u>
9
10    Wherefore, plaintiff prays for judgment for
11 general, compensatory, and punitive damages in the
12 amount of $10 million plus court cost and interest.
13
14                            **V.**
15            <u>COUNT 5 PERJURY AGAINST JENNIFER GEST</u>
16
17    On October 30th, 2017 defendant **(4)** Gest, drafted a
18 false Performance document that was typed about
19 plaintiff Octavius. This was designed to maliciously
20 slander plaintiff via a written instrument without
21 probable cause or even remotely trying to investigate
22 whether these events referenced in defense's **exhibit A**
23 attached to this amended complaint as **(Exhibit 10).**
24 Defendant **(3)** maliciously originated the falsehoods
25 then defendant **(4)** maliciously cosigned the falsehoods,

1  and defendant **(1)** certified and recklessly published
2  the falsehoods. Therefore petitioner shows cause of
3  action against **(4)** Jennifer Gest, and defendant **(6)**
4  Meridian Senior Living for the following falsehoods:
5
6      1. On September 1$^{st,}$ 2017 plaintiff entered women's
7  restroom and made sexually explicit comments to another
8  associate.
9      2. Plaintiff made sexually explicit comments to
10 another associate.
11
12     3. Plaintiff put his finger into the resident's
13 rectum while she was having the bowel movement and
14 stated "oh it's normal, I'm working it out".
15
16     4. Plaintiff told charge nurse you didn't give a
17 Fuck if he was a nurse or not".
18
19     5. The nurse requested assistance; plaintiff did
20 not respond or acknowledge the request.
21
22     ***All of this will be debunked at Jennifer Gest's***
23 ***deposition.***
24
25

1   Wherefore, plaintiff prays for judgment for
2   general, compensatory, and punitive damages in the
3   amount of $10 million plus court cost and interest.

4
5

6                            **VI.**

7   COUNT 6 PERJURY AGAINST MERIDIAN SENIOR LIVING LLC

8

9   On December 10th, 2018 VP of HR Theresa Partlow
10  agent for defendant (6) "Meridian" stated on a sworn
11  Affidavit that plaintiff was never hire by defendant
12  (6). Well simply put Meridian either did or did not.
13  This claim by the defense is just all very convenient
14  now that they are being sued. Well, **Exhibits 3, 4, 5,**
15  **6, 7, 8, 9** would say otherwise. Therefore petitioner
16  shows cause of action against **(6)** Meridian Senior
17  Living LLC for the following facts:

18

19      1. Perjury of a federal affidavit
20      2. Deceit of a federal affidavit
21      3. Falsehood of a federal affidavit
22      4. All other material is immaterial because it's
23  not reference to plaintiff.

24

25      ***A deposition will take place into this matter.***

                        [Pleading title summary] - 13

Wherefore, plaintiff prays for judgment for general, compensatory, and punitive damages in the amount of $10 million plus court cost and interest.

## VII.

### COUNT 7 NEGLIGENT MISREPRESENTATION

Sometime in September early October 2017, defendants **(6)** Meridian Senior living LLC **(5)** Meristar Holding L.P. as well as members in leaderships told plaintiff he was hired as of original hire date which was June 25th, 2017 reference **(Exhibit 3)**. Plaintiff was orientated and given an employee handbook reference **(Exhibit 4)**. Plaintiff was orientated on harassment policy reference **(Exhibit 5)**. Plaintiff was orientated on sexual harassment reference **(Exhibit 6)**. "Meridian" mailed plaintiff his employee medical enrollment form reference **(Exhibit 7)**. Meridian and agents of leadership constantly reminds all employees of their "Mission Statement". Plaintiff was officially welcomed to the company Meridian Senior living LLC see **(Exhibit 9)**. Base on this reliable information the plaintiff had to have been hire for at least one second. Ooh wait a minute, "Octavius" is suing us. Now defendant **(6)** never

hired plaintiff. It's not that plaintiff was never hired it's that Meridian and Meristar is suffering from **Buyer's Remorse**. Therefore Petitioner shows cause of actions against Defendants **(6)** Meridian Senior Living LLC, **(7)** Moiz Doriwala, **(8)** Kacy Kang, **(9)**Robert Sweet, **(10)**Timothy O'Brien, **(11)** Kevin Carlin, **(12)** Affinity Living Group LLC, **(13**) Charles E. Trafzger Jr., and **(5)** Meristar L.P. for the following facts:

1. Defendant **(6)** Meridian and Agents (7) (8) (9) (10) (11) (12) (13) (5) made a false statement of "your Hired welcome" Octavius plaintiff relied on this statement to be true because it is reasonable based on the facts.

2. If the statement was false defendants should have come clean because they knew of the falsehood.

3. Plaintiff heavily relied on this information.

Wherefore, plaintiff prays for judgment for general, compensatory, and punitive damages in the amount of $10 million plus court cost and interest.

## VIII.

### COUNT 8 BREACH OF VERBAL CONTRACT

Sometime in September early October, defendants **(6)** Meridian Senior living LLC told the Renaissance Center's existing staff including plaintiff Octavius we were hired. The **Offer**: job with benefits, The **acceptance** Octavius turned in the application applied for the position. **Consideration** a full time job with benefits, start date June 25th 2017 reference **(Exhibit 3)**. **Meeting of the minds** it was understood on both sides and agreed upon that Octavius Davis is an employee see Exhibits 7, 8, 9. Now Meridian senior living is reneging on the fact that there ever was an agreement of such. Therefore petitioner shows cause of action against defendant (6) Meridian senior Living LLC and (5) Meristar Holding L.P. for the following Facts:

1. Defendant **(5)** and **(6)** has denied any such verbal agreement which is false.

2. Defendants **(5)** and **(6)** deny that there was never an offer.

3. Defendants **(5)** and **(6)** deny that there was never an acceptance.

4. Defendants **(5)** and **(6)** deny that there was ever a consideration.

Wherefore, plaintiff prays for judgment for general, compensatory, and punitive damages in the amount of $10 million plus court cost and interest.

## IX.

## COUNT 9 CIVIL THEFT

While in a confrontational meeting with defendant **(1)** Stadler and (2) Mcnabb; plaintiff was not paid for time on site; defendants requested the meeting not plaintiff. Defendants **(6), (1),** and **(2)** were careless because they could have just told plaintiff over the phone don't come back to the job site; we'll send your last check. Nevertheless, defendants were negligent, and plaintiff is being deprived of his monies. Therefore **Petitioner shows cause of action against Defendants (6)** Meridian Senior Living LLC,**(1)** Stadler, and **(2)** Mcnabb for the following facts:

1. This money is the property of the plaintiff for hours worked.

1

2    2. The defendants (6) refuse to pay the money owed
3    to the plaintiff violation of Fla.Stat.812.014
4    punishable by Fla.Stat.775.083

5

6    3. The plaintiff is damaged because petitioner is
7    deprived of his wages.

8

9    Wherefore, plaintiff prays for judgment for
10   general, compensatory, and punitive damages in the
11   amount of $10 million plus court cost and interest.

12

13                              **X.**

14

15   COUNT 10 RECKLESS NEGLIGENCE

16

17   On October 31st 2017, Defendant (1) Denise Stadler
18   agent for defendant was reckless in regards to
19   Slandering and libeling plaintiff to Sanford officials
20   with malice being the sole purpose see **(Exhibit 1)** 1.
21   She failed to verify the claims for herself. 2. She was
22   reckless into being coerced into taking these claims.
23   The defendant (1) ignored the fact that Probable cause
24   did not exist because there was not corroboration into
25   the allegations. Defendant (1) was reckless for

maliciously ignoring the fact that there was zilch to
be found. Therefore Petitioner shows cause of action
against Denise Stadler and Meridian senior Living for
the following facts:

1. Stadler an agent for "Meridian" knew the
allegation for false because it wasn't supported by any
facts and she didn't witness anything.

2. Stadler's purpose was solely to wreck and do
harm to plaintiff only.

3. The plaintiff name is tarnished and sullied.

Wherefore, plaintiff prays for judgment for
general, compensatory, and punitive damages in the
amount of $10 million plus court cost and interest.

## XI.

## COUNT 9 CIVIL CONSPIRACY

After the initial fallout with defendant (3), he
drafted a false report then conspired with defendants
**(4)** Gest to coerce her to send plaintiff Davis
home,**(1)**, and **(2)** to commit the underlining tort of

1  retaliation, defamation, slander, and libel by written
2  instrument of a false police report. These **Tortfeasors**
3  slanders plaintiff just because petitioner said some
4  harsh words and hurt their feelings "so what" now we at
5  War. The plaintiff discovered the tort of defamation
6  approximately the end of September 2018 during a
7  informal public investigation. Therefore **Petitioner**
8  **shows cause of action against Defendants (6)** Meridian
9  Senior Living LLC, **(1)** Denis Stadler, **(2)** Paula Mcnabb,
10 **(3)** Anthony Campbell, **(4)** Jennifer Gest et al., for the
11 Following:

12

13     1. This conspiracy was conducted between defendant
14 **(1) (2), (3), and (4)** agents of "meridian" or more
15 parties.

16

17     2. The defendants intended on committing an
18 unlawful act upon the plaintiff via an underlying tort.
19 See <u>Wright v. Yurko</u> 446 so.2d 1162 (Fla 5th.DCA 1984).

20

21     3. In pursuant to this act of conspiracy defendants
22 sullied plaintiff's good name and reputation. See
23 <u>Walters v. Blankenship</u>, 931 so.2d 137,140(Fla. 5th DCA
24 2006).

25

1 | ***Depositions will be taken into discovery of this***
2 | ***matter.***

3

4 | Wherefore, plaintiff prays for judgment for
5 | general, compensatory, and punitive damages in the
6 | amount of $10 million plus court cost and interest.

7

8 | **XII.**

9

10 | COUNT 12 COLLUSION

11 | On approximately the early morning of October 27,
12 | 2017, defendant **(3)** Campbell went into his personal
13 | vehicle and colluded with **(4)** Gest and coerced her to
14 | cosigned Defense's Exhibit A in order to send plaintiff
15 | home before the shift was over. Later that same day the
16 | meeting was supposed to be jointly among all parties.
17 | Instead, Defendant **(3)** went into the meeting early
18 | without plaintiff Davis and coerced **(1)** Stadler and **(2)**
19 | Mcnabb to **team up** and certify these false and
20 | defamatory statements, with no Probable cause in site.
21 | Then **(1)** Stadler Maliciously reported this to the
22 | public without a smidgeon of Due Diligence. Now in
23 | pursuant to Fed.R.Civ.P.2 comes the Civil Action of
24 | Defamation and all opposing parties defendants Stadler,
25 | Campbell, Mcnabb, Gest, "Meristar" , "Meridian",

Doriwala, Kang, Sweet, O' Brien, Carlin, "Affinity" and Trefzger are all colluding to commit perjury, based on the fact of whether or not plaintiff was indeed an employee of this organization. Finally, wiggle their way out of this massive attack defendants collude and conspire to blame all of this on Defendants **(15)** Lilly Donohue and **(16)** Holiday "touch" . WELL REGARDLESS OF WHO EVER THE HELL THEY BLAME, SOMEONE WILL DEAL WITH THE "DAVIS" PROBLEM.

Therefore Petitioner show cause of action for the following malicious reasons against Stadler, Campbell, Mcnabb, Gest, "Meristar" , "Meridian", Doriwala, Kang, Sweet, O' Brien, Carlin, "Affinity" and Trefzger

1. Defendants Colluded to commit Retaliation.

2. Defendants colluded to commit Defamation.

3. Defendants colluded to commit Slander.

4. Defendants colluded to commit Libel.

5. Defendants colluded to commit Civil Theft.

6. Defendants colluded to commit Perjury on a
Federal Affidavit.

7. Defendants colluded to breach Verbal contract.

8. Defendants were Negligent via their Recklessness
and Misrepresentation.

9. The defendants Colluded and conspired to commit
an overall conspiracy to blame all of this on plaintiff
and defendant Lilly Donohue and "holiday" the Davis
case is a holiday problem not ours. Well I don't damn
whose problem it is, someone better fix it!!!!!!

Wherefore, plaintiff prays for judgment for
general, compensatory, and punitive damages in the
amount of $10 million plus court cost and interest.


**RELIEF:**


**WHEN THE CLAIM IS DEFAMATION PER SE, LIABILITY
ITSELF CREATES A CONCLUSIVE LEGAL PRESUMPTION OF LOSS
OR DAMAGE AND IS ALONE SUFFICIENT FOR THE JURY TO
CONSIDER PUNITIVE DAMAGES… TO SUM UP, Florida UNUSUALLY**

HIGH PROTECTION OF PERSONAL REPUTATION DERIVES FROM THE
COMMON CONSENT OF HUMANKIND AND HAS ANCIENT ROOTS. IT
IS HIGHLY VALUED BY CIVILIZED PEOPLE. OUR STATE
CONSTITUTION AND COMMON LAW POWERFULLY SUPPORT IT.THIS
IS A VALUE AS OLD AS THE PENTATEUCH AND THE BOOK OF
EXODUS, AND ITS COMMAND AS CLEAR AS THE DECALOGUE: THOU
SHALL NOT BEAR FALSE WITNESS AGAINST THY NEIGHBOR." THE
PERSONAL INTEREST IN ONE'S OWN GOOD NAME AND REPUTATION
SURPASSES ECONOMICS, BUSINESS PRACTICES OR MONEY. IT IS
A FUNDAMENTAL PART OF PERSONHOOD, OF INDIVIDUAL
STANDING AND ONE'S SENSE OF WORTH. IN SHORT, THE
WRONGDOING UNDERLYING THE PUNITIVE DAMAGES IN THIS CASE
HAS FLORIDA LAW'S MOST SEVERE CONDEMNATION, ITS HIGHEST
BLAMEWORTHINESS, ITS MOST DESERVING CULPABILITY, AND
FOR SLANDER PER SE, REPREHENSIBILITY IS AT ITS HIGHEST.

     Notice to all defendants served when seeking
offensive action against anyone don't get careless,
don't get sloppy, do the work, be responsible, and
remember what Abraham Lincoln's first rule before any
action. "*In law, it is good policy to never plead what
you need not, lest you oblige yourself to prove what
you cannot*" see discrete filing (Exhibit 12). Notice to
the court, depositions will commence April 16th 2018

*this formal investigation should take about a year see (Exhibit 11).*

Wherefore, plaintiff prays for judgment for general damages, compensatory damages, punitive damages emotional distress, psychological distress, pain and suffering, Physiological distress, extreme damage of reputation, stress on marriage, and financial stress and time spent, acting as my own attorney in the amount of $160 million plus court cost and interest **"May God be with us all"**.

Octavius Davis

Pro Se