UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OCTAVIUS DAVIS,

    Plaintiff,

v.                                                    Case No. 6:18-cv-1827-Orl-37GJK

DENISE STADLER; PAULA MCNABB;
ANTHONY CAMPBELL; JENNIFER
GEST; MERISTAR HOLDINGS L.P.;
MERIDIAN SENIOR LIVING LLC;
MOIZ DORIWALA; KACY KANG;
ROBERT SWEET; TIMOTHY O'BRIEN;
KEVIN CARLIN; AFFINITY LIVING
GROUP LLC; CHARLES E. TREFZGER,
JR.; LILLY DONOHUE; and HOLIDAY
AL MANAGEMENT SUB LLC,

    Defendants.

## ORDER

In the instant action, the Court dismissed Plaintiff's Amended Complaint for lack of subject matter jurisdiction after Defendant Holiday Al NIC Management LLC ("**Holiday Al**"), incorrectly named as Holiday Al Management Sub LLC, identified one of its members is domiciled in the same state as Plaintiff, which destroys complete diversity. (Doc. 94 ("**Order**").) Plaintiff now seeks reconsideration of the Order based on his belief that Holiday Al, feeling pressure from the Court to establish its members' citizenship, "contacted Member Robert Allen Green and told him to get a random office space with utilities and suddenly claim domicile . . . after the fact and hope the Judge buys it." (Doc. 96, p. 2.) Plaintiff contends this member is domiciled in Utah, not Arizona,

-1-

and submits records from his private investigator in support. (*Id.*; Doc. 96-1.) On review, the Motion is due to be denied.[1]

Reconsideration under Rule 59(e) is appropriate on the basis of: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (noting that courts have generally granted such relief in those three circumstances). "The Court's reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Mannings v. Sch. Bd. of Hillsborough Cty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993) (citation omitted). "[T]he decision to grant such relief is committed to the sound discretion of the district judge . . . ." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993) (citations omitted).

Here, Plaintiff fails to meet this extraordinary standard for reconsideration. In response to the Court's latest order to show cause, Holiday AI presented evidence, in the form of an affidavit from Mr. Green and a utility bill, to establish Mr. Green's citizenship in Arizona. (Docs. 93-1, 93-2.) This resulted from Holiday AI's first attempts to directly contact all individual members to establish their citizenship. (Doc. 93, pp. 1–2.) Such evidence suffices to establish domicile, and Plaintiff's Motion and submissions do not

---

[1] Plaintiff did not comply with Local Rule 3.01(g) and confer with Defendants before submitting the Motion. (Doc. 96, p. 5.) He chose not to do so because "the case is technically closed so there is no need to confer with the other side." (*Id.*) Not so. Plaintiff still needs to comply with this requirement, as the Court explained at the status conference. On this basis alone the Motion is due to be denied, but the Court will address its merits.

persuade the Court otherwise.[2] Because Mr. Green's Arizona citizenship destroys complete diversity in this diversity jurisdiction case, the Court will not revisit its Order dismissing Plaintiff's Amended Complaint for lack of subject matter jurisdiction. (Doc. 94.) The Motion is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration of Doc. 94 Final Order in Light of New Evidence (Doc. 96) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 27, 2019.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro se* party

---

[2] Plaintiff submits public records for a "Robert Green" in Utah (Doc. 96-1), but the Court notes Holiday's Al's Response stated its previous contact information for its member Robert Allen Green led it to believe Mr. Green was a Nevada Citizen. (Doc. 93, p. 2. n.2.)